### 16637. BOLTON *et al. v.* UNION BANKING CO.

1. Certain incomplete portions of the record, while not sufficiently controlling or material to the main issue to warrant a dismissal of the writ of error, are too incomplete to be considered by this court.
2. The plaintiffs failed to make out the case alleged, and the court properly granted a nonsuit.

DECIDED NOVEMBER 10, 1925. REHEARING DENIED DECEMBER 15, 1925.

Complaint; from Walton superior court—Judge Fortson. May 19, 1925.

*J. H. Felker,* for plaintiffs in error.
*Roberts & Kelly,* contra.

LUKE, J. M. W. Bolton and J. W. Bolton brought suit against the Union Banking Company for interest paid the defendant, alleging that the defendant had charged usurious interest on certain notes, and that the penalty therefor was the forfeiture of the entire interest. The defendant in its answer denied all material allegations of the petition, alleged that it had brought a suit to set aside a fraudulent transfer of property from M. W. Bolton to J. W. Bolton, made to defeat the payment of the said notes, and that, in consideration of the company's dismissing the said suit, J. W. Bolton assumed and paid the debt of M. W. Bolton for which the company was suing the plaintiffs, and that the question of usury in the instant case was adjudicated in suits pending before the filing of the instant suit. By amendment to its answer the company pleaded further that the allegations of the petition had been adjudicated, as shown by certain matters set out in the said amendment.

The bill of exceptions recites that "counsel for plaintiffs in the trial court moved that the plea or answer be stricken on the ground that the same was not filed in time, being filed on June 26, 1924, after the adjournment of the court," and movant assigns error on the refusal of the court to grant this motion. This assignment of error is eliminated by the trial judge in refusing to certify to the truth thereof, and stating in a note to his certificate that the court had not adjourned.

The record contains a demurrer to the answer, and reference thereto is made in the bill of exceptions, but the record does not disclose the court's ruling on this demurrer, and it is not specified as material to a clear understanding of the errors complained of; nor is it material, in view of the court's ultimate ruling on the case as a whole. Movants assign error on the allowance of the amendment to defendant's answer setting up the plea of res judicata. The state of the record pertaining to this amendment and the ruling thereon is so incomplete that it can not be considered by this court.

The evidence of the plaintiffs and the record disclose that M. W. and J. W. Bolton brought suit against the banking company to recover interest because of alleged usury charged by the bank on certain notes; that the banking company had certain notes against M. W. Bolton; that M. W. Bolton sold his land to his brother, J. W. Bolton; that the banking company filed a suit on the notes, and also a suit against both plaintiffs, to set aside the deed and sale of said land as a fraudulent transaction, made to defeat the payment of the notes given by M. W. Bolton to the defendant company; that J. W. Bolton agreed to pay off the said notes, and gave his own notes and a deed to the land to secure the same, and that the defendant company then transferred to him the M. W. Bolton notes. While both plaintiffs sued on account of usurious interest alleged to have been paid, the evidence fails to show that M. W. Bolton actually paid the defendant any interest at all on these notes; and it does show that J. W. Bolton had the notes in question transferred to him by the defendant company. J. W. Bolton testified that he did not know who wrote the transfer on the back of the notes, but stated: "I remember Mr. Spivey signed it;" Mr. Spivey being the cashier of the Union Banking Company, defendant. "It was admitted by counsel and stated by the court that this debt was paid by the sale of this land under a deed of J. W. Bolton." Upon the conclusion of the plaintiffs' testimony the court granted a nonsuit, to which ruling they excepted.

The plaintiffs failed to make out a case as alleged, and the court properly granted a nonsuit.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*